UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN L. JONES, SR.,

       Plaintiff,

   v.                                  Case No. 20-C-1330

KENOSHA COUNTY JAIL,
KENOSHA COUNTY DETENTION CENTER, and
MAJOR SIMPSON,

       Defendants.

## ORDER

Plaintiff Kevin L. Jones, Sr., a former prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights when he was confined at the Kenosha County Jail and the Kenosha County Detention Center. On November 5, 2020, Magistrate Judge Stephen C. Dries screened Plaintiff's complaint under 28 U.S.C. § 1915A, dismissed the complaint for failure to state a claim, and ordered that, if Plaintiff did not file an amended complaint by November 30, 2020, this case would be dismissed for failure to state a claim. Dkt. No. 16.

This case previously was assigned to Magistrate Judge Dries. Because the court has not yet ordered the complaint to be served on the defendants, they do not know that Plaintiff has sued them, and they have not had a chance to decide whether to consent to Judge Dries' authority to decide the case. The clerk's office reassigned the case to this district judge to consider whether to dismiss the case.

Plaintiff has not filed an amended complaint. Thus, the court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**THEREFORE, IT IS ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 4th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.